

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXXXXXXXXXXXXXX~~ XXX
ATTORNEY GENERAL.

AUSTIN 11, TEXAS

Hon. William J. Lawson
Secretary of State
Austin, Texas

Attention: Mr. C. P. Sanders

Opinion No. 0-4522
Re: Investments for funds of
perpetual care cemeteries.

Dear Sir:

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"This Department is in receipt of an inquiry regarding the eligibility of the sinking fund bonds issued by the Sabine Royalty Corporation as an investment of the funds of the perpetual care cemeteries which are required to file annual reports with the Office of the Secretary of State.

"We would appreciate very much having the benefit of your opinion as to the legality of these bonds as an investment by a perpetual care cemetery, and we are enclosing our file with reference to this matter for your study. Please return this file to us after your department has finished with it.

"If you desire any further information regarding the nature of this corporation, please let us know and we will be glad to supply you with such information as we have available."

Article 926, Vernon's Annotated Texas Civil Statutes, provides for the investment of funds of perpetual care cemeteries. The article provides:

"Perpetual care funds shall not be used
for any other purpose than to provide through
the income only therefrom the perpetual care
stipulated in the resolution, by-law or other
action or instrument by which the fund was cre-
ated or established, and it shall be the duty
of the board of directors of the association
in charge thereof, and its duly appointed trus-
tee to invest, reinvest and keep such funds in-
vested in bonds of the United States or the State
of Texas or of any county, city, or other politi-
cal subdivision of the State of Texas, or in
first mortgages or on improved real estate, or in
bonds legal for investment for savings banks,
or trust companies in this State."

Articles 416, 1187a-9, 842 and 1269k-1, V.A.C.S.,
provides for the investment of the funds of savings banks of
this State. The articles are rather lengthy and will not be
quoted here, but it will suffice to say here that the bonds
of the Sabine Royalty Company will not qualify as bonds in-
vestments for savings banks of this State under any of said
articles.

Article 4986, Vernon's Annotated Texas Civil Statutes,
provides that the laws governing banks and banking corporations
shall apply to trust companies where not inconsistent with the
statutes relative to trust companies. Article 5890b, Vernon's
Annotated Texas Civil Statutes, authorizes trust companies,
as well as many other corporations and bodies politic) to in-
vest their funds in National Guard Armory Bonds. Article
511, Vernon's Annotated Texas Civil Statutes, provides that
the type and kind of bonds which banks and bank and trust
companies of this State may invest in are as follows:

"Public bonds of the United States or of this State
or in the bonds of any incorporated city, county or independent
school district in this State."

After a careful analysis of the above referred to
statutes, it is our opinion that the sinking fund bonds of
Sabine Royalty Corporation are not eligible as an investment

for the funds of perpetual care cemeteries under Article 926, V.A.C.S., and other pertinent statutes.

Pursuant to your request we are returning herewith your file in the matter.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/Wm. J. Fanning
Wm. J. Fanning
Assistant

APPROVED May 19, 1942

Gerald C. Mann
Attorney General of Texas

Approved Opinion Committee
By BWB, Chairman

WJF:AMM:bt